**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LOREN IVORY MORGAN,<br><br>     Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and BANK OF AMERICA, N.A.,<br><br>     Defendants. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LOREN IVORY MORGAN (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); and BANK OF AMERICA, N.A. (hereinafter "BOA") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax and Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a natural person and resident of Franklin County in the State of Ohio. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.      Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.      Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.      Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     BOA is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

17.     BOA is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.     BOA furnished Plaintiff's information to Equifax and Experian which was inaccurate.

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to him.

20. Upon information and belief, Plaintiff has been a victim of a mixed file for several years.

21. Plaintiff has made numerous attempts to correct his credit file, but erroneous personal identifying information and accounts continue to be reported.

22. In or about April 2024, Plaintiff contacted Experian and disputed the following erroneous accounts which did not belong to him.

   i.   Affirm Inc., partial account number GRO6*;

   ii.  BOA, partial account number 440066*;

   iii. Diamond Resorts FS, partial account number 2258*; and

   iv.  Marriott Ownership Res, partial account number 10013*.

23. On or about April 25, 2024, Plaintiff received dispute results from Experian which stated the following as to the disputed erroneous accounts.

   i.   Affirm Inc., partial account number GRO6*, verified and remains;

   ii.  BOA, partial account number 440066*, verified and updated;

   iii. Diamond Resorts FS, partial account number 2258*, deleted; and

   iv.  Marriott Ownership Resort, partial account number 10013*, verified and remains.

5

24.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

25.     Experian never attempted to contact Plaintiff during the alleged investigation.

26.     Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

27.     On or about June 11, 2024, Plaintiff obtained copies of his credit reports from Equifax and Experian. Upon review, Plaintiff observed personal identifying information, including Social Security number, birth year, and addresses, which were inaccurate. Further, Plaintiff observed the following erroneous accounts which did not belong to him.

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Acima Digital f/k/a Simple | Experian | 150* | Paid, Closed |
| Acima Digital f/k/a Simple | Experian | 183* | Paid, Closed |
| Affirm Inc. | Experian | GRO6* | Closed |
| BOA | Experian | 440066* | Open, Balance $3,070 |
| Capital One Bank | Equifax | *5936 | Open |
| Capital One Bank | Equifax | *9485 | Pays as Agreed |
| JPMCB Card | Experian | 426684* | Open, Balance $9,282 |
| JBMCB Card | Experian | 438854* | Open, Balance $11,651 |
| Macys/CBNA | Equifax, Experian | 490643* | Paid, Closed |

6

| Furnisher | CRA | Account | Status |
|-----------|-----|---------|--------|
| Marriott Ownership Resort | Equifax, Experian | 10013* | Paid, Closed |
| PO Box 81307 BK14 | Equifax | *8097 | Pays as Agreed |
| Prosper Marketplace | Experian | 184* | Open, Balance $8,311 |
| Synchrony Bank/Paypal | Equifax | *7702 | Open |
| WFBNA Card | Experian | 577442* | Open |

28.     Several of the erroneous accounts are current and have had payments made to them. However, Plaintiff has not made any of those payments because none of the accounts belong to him.

29.     On or about June 12, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 173793465. In this report, he explained that he may be a victim of identity theft and that the aforementioned accounts listed in his credit report did not belong to him.

30.     Due to the inaccurate reporting, on or about June 28, 2024, Plaintiff mailed a detailed dispute letter to Equifax and Experian. In the letter, Plaintiff advised he was a victim of a mixed file or identity theft, and that incorrect and inaccurate personal identifying information was appearing in his credit file. Further, Plaintiff advised that the aforementioned accounts did not belong to him and that although the erroneous accounts reflected payments were being made none of those payments were by him. To confirm his identity, Plaintiff included images of his driver's license, Social Security card, and recent utility bill in the letter. Further,

Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

31.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9505 5143 8756 4180 8527 87) and Experian (9505 5143 8756 4180 8527 63).

32.     On or about July 2, 2024, Plaintiff also submitted a dispute online with Equifax regarding the erroneous reporting.

33.     On or about July 7, 2024, Plaintiff received a response from Equifax which stated it would not be blocking information as requested.

34.     On or about July 11, 2024, and July 13, 2024, Plaintiff submitted additional disputes online with Equifax.

35.     On or about July 15, 2024, Plaintiff received a response from Equifax which included information about "Remedying the Effects of Identity Theft".

36.     Despite confirmation of delivery on June 30, 2024, of his detailed written dispute letter, Plaintiff did not receive dispute results from Equifax. However, upon review of his updated credit report on or about August 9, 2024, Plaintiff observed the following as to the erroneous accounts.

| Furnisher | Account | Status |
|---|---|---|
| Capital One Bank | *5936 | Not reporting |
| Capital One Bank | *9485 | Continue to report; "Account previously in dispute – now resolved by data furnisher" |

8

| **Furnisher** | **Account** | **Status** |
| --- | --- | --- |
| Macys/CBNA | 490643* | Continue to report |
| Marriott Ownership Resort | 10013* | Not reporting |
| PO Box 81307 BK14 | *8097 | Not reporting |
| Synchrony Bank/Paypal | *7702 | Not reporting |

37.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.    Equifax never attempted to contact Plaintiff during the alleged investigation.

39.    On or about July 24, 2024, Plaintiff received dispute results from Experian which stated the following as to the erroneous accounts.

| **Furnisher** | **Account** | **Results** |
| --- | --- | --- |
| Acima Digital f/k/a Simple | 150* | Deleted |
| Acima Digital f/k/a Simple | 183* | Deleted |
| Affirm Inc. | GRO6* | Remains |
| BOA | 440066* | Remains |
| JPMCB Card | 426684* | Deleted |
| JBMCB Card | 438854* | Deleted |
| Macys/CBNA | 490643* | Verified and updated |
| Marriott Ownership Resort | 10013* | No results received |
| Prosper Marketplace | 184* | Deleted |
| WFBNA Card | 577442* | Deleted |

40.    Plaintiff did not receive dispute results as to Marriott Ownership Resort, partial account number 10013*. However, upon review of his updated credit report

on or about August 12, 2024, Plaintiff observed that the Marriott Ownership Resort account was no longer appearing in his Experian credit report.

41.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.    Experian never attempted to contact Plaintiff during the alleged investigation.

43.    Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

44.    Due to the continued inaccurate reporting, on or about August 12, 2024, Plaintiff submitted online a second detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report and advised he was a victim of a mixed file or identity theft. Further, Plaintiff reiterated that incorrect and inaccurate personal identifying information was appearing in his credit file. Lastly, Plaintiff explained again that the aforementioned accounts did not belong to him and that although the erroneous accounts reflected payments were being made none of those payments were by him. To confirm his identity, Plaintiff included images of his driver's license, Social Security card, and recent utility bill in the letter. Further,

Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

45.     On or about September 3, 2024, Plaintiff received dispute results from Equifax which stated Macys/CBNA, partial account number 490643*, was verified and updated, and Capital One Bank, partial account number ending in *9485, was deleted.

46.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

47.     Equifax never attempted to contact Plaintiff during the alleged investigation.

48.     Due to the continued inaccurate reporting, on or about September 4, 2024, mailed a second detailed dispute letter to Experian. In the letter, Plaintiff requested a copy of his credit report and advised he was a victim of a mixed file or identity theft. Further, Plaintiff reiterated that incorrect and inaccurate personal identifying information was appearing in his credit file. Lastly, Plaintiff explained again that the aforementioned accounts did not belong to him and that although the erroneous accounts reflected payments were being made none of those payments were by him. To confirm his identity, Plaintiff included images of his driver's license, Social Security card, and recent utility bill in the letter. Further, Plaintiff

provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

49.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (9407 1112 0620 4066 9922 49).

50.    On or about October 3, 2024, Plaintiff received dispute results from Experian which stated an erroneous inquiry was deleted and stated the following as to the disputed accounts.

| **Furnisher** | **Account** | **Results** |
|---|---|---|
| Affirm Inc. | GRO6* | Remains |
| BOA | 440066* | Remains |
| Macys/CBNA | 490643* | Remains |

51.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.    Experian never attempted to contact Plaintiff during the alleged investigation.

53.    Upon information and belief, Experian notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

54.    Due to the continued inaccurate reporting, on or about October 24, 2024, mailed a third detailed dispute letter to Equifax and Experian. In the letter,

Plaintiff requested a copy of his credit report and advised he was a victim of a mixed file or identity theft. Further, Plaintiff explained again that incorrect and inaccurate personal identifying information was appearing in his credit file. Lastly, Plaintiff reiterated that the aforementioned accounts, which continue to appear in his credit file after his multiple disputes, did not belong to him and that although the erroneous accounts reflected payments were being made none of those payments were by him. To confirm his identity, Plaintiff included images of his driver's license, Social Security card, and recent utility bill in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

55.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 5448 4772 31) and Experian (9407 1112 0620 5448 4739 05).

56.     As of the filing of this Complaint, Plaintiff has not received dispute results as to his third detailed dispute letter.

57.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax and Experian continue to inaccurately report erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

58.     Equifax and Experian have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

59.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

60.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.   Loss of time attempting to cure the errors;

  iii.  Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

  iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

61.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

62.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

63.     Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

64.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

65.     Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

66.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

67.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

68.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

69.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

70.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

16

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

71.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

72.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

73.    Equifax allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

74.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

76.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

77.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

78.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

80.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

82.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

83.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

84.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

85.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

89.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

90. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

91. Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

92. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

93.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

94.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

95.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

96.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

97.    Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

98.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

99.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

100.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

101.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

105.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Experian allowed numerous furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

107.  Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

24

108.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

109.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

110.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

25

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

114.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

115.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

116.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

117.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

27

121.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

122.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

123.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

124.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

125.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

126.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Bank of America, N.A. (Negligent)**

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

128.   BOA furnished inaccurate account information to Experian and through that CRA to all of Plaintiff's potential lenders.

129.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

130.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the account was fraudulent and erroneous.

131.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

132.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

133.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

134.   The conduct, action, and inaction of BOA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

135.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual damages against Defendant, BANK OF AMERICA, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, N.A. (Willful)

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty (60) above as if fully stated herein.

31

137.   BOA furnished inaccurate account information to Experian and through that CRAs to all of Plaintiff's potential lenders.

138.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

139.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the account was fraudulent and erroneous.

140.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

141.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

142.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and inaction of BOA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

144.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BANK OF AMERICA, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

33

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, LOREN IVORY MORGAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and BANK OF AMERICA, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of October 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*

34